1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                 FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8  JAVIAD AKHTAR,                          No. 2:13-CV-0695-TLN-CMK-P

9                 Petitioner,

10        vs.                              FINDINGS AND RECOMMENDATIONS

11 WILLIAM KNIPP,

12                 Respondent.

13 _____/

14            Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

15 habeas corpus pursuant to 28 U.S.C. § 2254.   Pending before the court is respondent's

16 unopposed motion to dismiss (Doc. 16).

17

18                            I.  BACKGROUND

19            Petitioner was sentenced on October 11, 2002, to an indeterminate term of life

20 with the possibility of parole, plus six years.   In a December 11, 2003, decision, the California

21 Court of Appeal reversed in part, affirmed in part, and remanded with instructions that the

22 abstract of judgment be amended.  Petitioner did not seek review of this decision in the

23 California Supreme Court.

24            Petitioner then filed the following post-conviction actions in state court:

25        1st Action     Filed July 12, 2003, in the California Court of Appeal
                         Denied July 24, 2003
26

                                         1

| | | |
|---|---|---|
| 2nd Action | Filed July 12, 2003 in the Yolo County Superior Court<br>Denied August 13, 2003 | |
| 3rd Action | Filed July 29, 2003, in the California Supreme Court<br>Denied September 10, 2003 | |
| 4th Action | Filed September 24, 2003, in the California Court of Appeal<br>Denied October 2, 2003 | |
| 5th Action | Filed September 24, 2003, in the Yolo County Superior Court<br>Denied October 14, 2003 | |
| 6th Action | Filed October 18, 2005, in the Yolo County Superior Court<br>Denied December 30, 2005 | |
| 7th Action | Filed March 15, 2006, in the California Court of Appeal<br>Denied March 30, 2006 | |
| 8th Action | Filed April 10, 2006, in the California Supreme Court<br>Denied June 14, 2006 | |
| 9th Action | Filed October 7, 2012, in the California Supreme Court<br>Denied November 20, 2012 | |
| 10th Action | Filed December 26, 2012, in the California Court of Appeal<br>Denied January 18, 2013 | |
| 11th Action | Filed January 23, 2013, in the California Supreme Court<br>Denied March 13, 2013 | |

The instant federal petition was filed on March 27, 2013. The court also notes that petitioner filed a prior petition challenging the same conviction.[1] See Akhtar v. Knowles, 2:03-CV-2674-MCE-GGH. The prior petition was denied on the merits and judgment was entered on February 9, 2009. The Ninth Circuit Court of Appeals affirmed this court's judgment in the prior petition in an unpublished memorandum disposition issued on April 6, 2010.

## II. DISCUSSION

---

[1]     The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

1    Respondent argues, among other things, that the current petition must be

2  dismissed because it is untimely.

3    Federal habeas corpus petitions must be filed within one year from the later of:

4  (1) the date the state court judgment became final; (2) the date on which an impediment to filing

5  created by state action is removed; (3) the date on which a constitutional right is newly-

6  recognized and made retroactive on collateral review; or (4) the date on which the factual

7  predicate of the claim could have been discovered through the exercise of due diligence.  See 28

8  U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court

9  judgment becomes final by the conclusion of direct review or expiration of the time to seek direct

10  review.  See 28 U.S.C. § 2244(d)(1).

11    Where a petition for review by the California Supreme Court is filed and no

12  petition for certiorari is filed in the United States Supreme Court, the one-year limitations period

13  begins running the day after expiration of the 90-day time within which to seek review by the

14  United States Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

15  Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year

16  limitations period begins to run the day after certiorari is denied or the Court issued a merits

17  decision.  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  Where no petition for

18  review by the California Supreme Court is filed, the conviction becomes final 40 days following

19  the Court of Appeal's decision, and the limitations period begins running the following day.  See

20  Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the

21  conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the

22  limitations period begins running the following day.  If the conviction became final before April

23  24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the

24  day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187 F.3d 1104, 1105 (9th

25  Cir. 1999).

26    The limitations period is tolled, however, for the time a properly filed application

1   for post-conviction relief is pending in the state court. <u>See</u> 28 U.S.C. § 2244(d)(2). To be

2   "properly filed," the application must be authorized by, and in compliance with, state law. <u>See</u>

3   <u>Artuz v. Bennett</u>, 531 U.S. 4 (2000); <u>see also</u> <u>Allen v. Siebert</u>, 128 S.Ct. 2 (2007); <u>Pace v.</u>

4   <u>DiGuglielmo</u>, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a

5   state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions

6   and the failure to comply with those time limits precludes a finding that the state petition is

7   properly filed). A state court application for post-conviction relief is "pending"during all the

8   time the petitioner is attempting, through proper use of state court procedures, to present his

9   claims. <u>See</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered

10  "pending" after the state post-conviction process is concluded. <u>See</u> <u>Lawrence v. Florida</u>, 549

11  U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari

12  petition to the Supreme Court was pending). Where the petitioner unreasonably delays between

13  state court applications, however, there is no tolling for that period of time. <u>See</u> <u>Carey v. Saffold</u>,

14  536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as

15  untimely, the federal court must independently determine whether there was undue delay. <u>See</u> <u>id.</u>

16  at 226-27.

17          There is no tolling for the interval of time between post-conviction applications

18  where the petitioner is not moving to the next higher appellate level of review. <u>See</u> <u>Nino</u>, 183

19  F.3d at 1006-07; <u>see also</u> <u>Dils v. Small</u>, 260 F.3d 984, 986 (9th Cir. 2001). There is also no

20  tolling for the period between different sets of post-conviction applications. <u>See</u> <u>Biggs v.</u>

21  <u>Duncan</u>, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct

22  review and the filing of a state post-conviction application does not toll the limitations period.

23  <u>See</u> <u>Nino</u>, 1983 F.3d at 1006-07.

24          The untimeliness of the current petition is evident based solely on the amount of

25  time that passed between petitioner's fifth and sixth state post-conviction actions. Specifically,

26  petitioner's fifth action was denied by the Yolo County Superior Court on October 14, 2003, and

4

petitioner waited almost two years before filing his sixth action in the same court on October 18, 2005.  The one-year limitations period was not tolled for this time because, to the extent petitioner was raising the same claims, he was not moving to the next highest state court from the fifth to the sixth action.  To the extent petitioner was presenting a new set of claims in the sixth action, the time between the fifth and sixth actions is not tolled between differing sets of state court post-conviction petition.

Thus, giving petitioner the benefit of all possible timelines and assuming that the one-year limitations period did not commence until the denial of the fifth action in 2003, it is clear that the limitations period expired before the sixth action was filed in 2005, rendering the instant petition untimely.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's unopposed motion to dismiss (Doc. 16) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 10, 2014

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE